UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| UILAYA AUGUSTUS | CIVIL ACTION |
|---|---|
| VERSUS | |
| TROPICANA ENTERTAINMENT, INC. OF DELAWARE d/b/a THE BELLE OF BATON ROUGE CASINO AND HOTEL AND CATFISH QUEEN PARTNERSHIP IN COMMENDAM d/b/a THE BELLE OF BATON ROUGE CASINO AND HOTEL | NO. 18-987-JWD-RLB |

**ORDER**

Before the Court is Defendants' Motion to Compel (R. Doc. 6). The deadline for filing an opposition has expired. LR 7(f). Accordingly, the Motion is unopposed.

On or about July 26, 2018, Plaintiff filed the instant action in the 19th Judicial District Court, East Baton Rouge Parish, Louisiana. (R. Doc. 1-3).

On September 19, 2018, Defendants served Interrogatories, Requests for Admission, and Requests for Production of Documents on Plaintiff in accordance with the Louisiana Code of Civil Procedure. (R. Doc. 6-3).

Defendants removed this action on October 30, 2018. (R. Doc. 1).

Defendants now seek an order requiring Plaintiff to respond to the Interrogatories, Requests for Admission, and Requests for Production of Documents served in state court. (R. Doc. 6).

The Federal Rules of Civil Procedure "apply to a civil action after it is removed from state court." Fed. R. Civ. P. 81(c)(1). In federal court, discovery generally cannot commence until the "parties have conferred as required by Rule 26(f)." Fed. R. Civ. P. 26(d)(1). Where discovery issued in state court has not been ruled on in state court prior to removal, Rule 26(f) and Rule 26(d) preclude such discovery from having any effect in federal court. *See Int'l Transp.*

*Workers Fed'n v. Mi-Das Line SA*, No. 13-454, 2013 WL 1403329, at *4 n. 3 (E.D. La. Apr. 4, 2013); *see also Riley v. Walgreen Co.*, 233 F.R.D. 496, 499 (S.D. Tex. 2005) ("Nothing in the language of [Rule 26(d)] permits a party to continue to seek discovery which may have been properly served under state law rules pre-removal.").

The discovery at issue was served in state court prior to removal. The Court disagrees with Defendant's contention that the discovery at issue was issued in accordance with the Federal Rules of Civil Procedure. Interrogatories and requests for admission cannot be served under the Federal Rules of Civil Procedure until after the parties have engaged in a Rule 26(f) conference. *See* Rule 26(d). In addition, Rule 33(a)(1) limits the number of interrogatories to 25. Defendants served 30 interrogatories on Plaintiff.

Furthermore, Defendants have raised no argument in support of a finding that the requests for production served under state procedural laws qualify as "Early Rule 34 Requests" pursuant to Rule 26(d)(2). Indeed, Rule 34(b)(2)(A) contemplates the time to respond to requests "delivered under Rule 26(d)(2)." Requests for Production cannot be "delivered under" the Federal Rules of Civil Procedure when the matter is not even in federal court. Accordingly, the Court will not order Plaintiff to respond to these discovery requests.

Despite the Court's denial of the relief requested, the assertions in the motion regarding Plaintiff and Plaintiff's counsel are alarming. It is also telling that Plaintiff has offered no response or justification for an apparent failure to otherwise participate in discovery or move this matter forward. To ensure that the parties appropriately give this matter their attention, the Court will require the attorneys to meet and confer regarding the status of discovery and an anticipated course of action within the deadlines set by the Court.

Based on the foregoing,

**IT IS ORDERED** that Defendants' Motion to Compel (R. Doc. 6) is **DENIED**. The parties shall bear their own costs.

**IT IS FURTHER ORDERED** that lead counsel for Plaintiff, John B. Lambremont, Sr., and lead counsel for Defendant, Brett M. Bollinger, shall personally confer **on or before May 24, 2019**, regarding the status of discovery. They shall specifically address the discovery requests that were at issue in the instant motion, and if those requests are re-issued in accordance with the Federal Rules of Civil Procedure, whether shorter response times are appropriate. Counsel shall also discuss any additional discovery needed and the timeframe within which to accomplish that discovery.

**IT IS FURTHER ORDERED** that **on or before May 28, 2019**, Counsel for Plaintiff, John B. Lambremont, Sr., shall file a Notice of Compliance, confirming that the discovery conference above took place as ordered. The Notice of Compliance shall specifically set forth (1) everyone that participated in the conference, (2) how it was conducted (phone or in-person), (3) when it occurred, (4) what topics were discussed and what was agreed upon, and (5) how long the conference lasted (in minutes).

Signed in Baton Rouge, Louisiana, on May 20, 2019.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**